91 F.3d 143
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Terrence HARVIN, Plaintiff-Appellant Cross-Appellee,
v.
Cynthia STEPHENS, Defendant-Appellee Cross-Appellant,
and
Michigan Consolidated Gas Company Inc.; Fieger, Fieger &
Schwartz, P.C., Defendants-Appellees.
 No. 95-1776, 95-1812.
 United States Court of Appeals, Sixth Circuit.
 July 2, 1996.
 
 Before: MERRITT, Chief Judge; KEITH and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Terrence Harvin, proceeding pro se, appeals the district court's dismissal of his § 1983 claim against his former employer, his lawyers, and a state court judge. Plaintiff alleges that defendants conspired against him to deprive him of fair adjudication of his state court claim against his employer brought under the Michigan Whistleblowers' Protection Act. Mich.Comp.Laws Ann. § 15.361-369 (West 1994). We AFFIRM.
 
 I.
 
 2
 Plaintiff Terrence Harvin was employed by defendant Michigan Consolidated Gas Company ("Michcon") as an engineer. In 1991 or 1992, Michcon discharged plaintiff. Plaintiff filed suit in state court alleging violation of the Michigan Whistleblowers' Protection Act. After discovery, the parties agreed to settle the dispute at a settlement conference before Judge Stephens.
 
 
 3
 On November 3, 1993, the parties presented the terms of their agreement to Judge Stephens. Under the terms of the proposed agreement, plaintiff was to receive $33,100 in consideration of the release of his claim. Plaintiff was present and represented by Dennis Fuller of defendant law firm Fieger, Fieger and Schwartz ("FF & S"). The parties were unable to place their agreement on the record because no court reporter was available, but documented their agreement in a handwritten court order entered by Judge Stephens. The handwritten order specified that a more detailed formal agreement would follow. When Michcon prepared a formal agreement and presented it to plaintiff, however, plaintiff declined to sign it.
 
 
 4
 Michcon filed a motion for specific performance of the formal settlement agreement. Judge Stephens held a hearing on Michcon's motion on December 22, 1993. At the hearing, plaintiff informed the court of specific sections of the formal agreement which he believed did not embody the terms of the November 3 order. On December 23, 1993, Judge Stephens granted in part and denied in part Michcon's motion for specific performance. The court ordered certain paragraphs either deleted or amended, but directed that the formal agreement was otherwise a binding settlement between the parties.
 
 
 5
 Plaintiff thereafter dismissed Fuller as his counsel, and proceeding pro se, filed two motions for relief from the November 3 and December 23 orders. Plaintiff claimed that the parties had actually agreed upon a settlement of $33,100,000 as opposed to $33,100. He also alleged that Fuller was without authority to act on his behalf to settle the state court action. Judge Stephens denied both motions. Plaintiff then refused to dismiss the state court action or accept the settlement money. Michcon moved to dismiss the case and requested that it be allowed to turn the settlement money over to the clerk of the court.
 
 
 6
 Plaintiff filed this action in federal district court on July 14, 1994, alleging violation of his Fourteenth Amendment rights. Plaintiff requested that the district court enjoin enforcement of the November 3 agreement and reinstate what defendant claims are the "original" terms of the agreement: payment of $33,100,000, professional references, and confidentiality. Defendants filed separate motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and 56.
 
 
 7
 The case was assigned to a magistrate judge, who recommended granting summary judgment to all defendants. The district court accepted the magistrate's recommendations over plaintiff's objections and dismissed the case. This appeal followed.
 
 II.
 
 8
 We review the district court's grant of summary judgment de novo. Harrow Prods., Inc. v. Liberty Mut. Ins. Co., 64 F.3d 1015, 1019 (6th Cir.1995). Summary judgment is proper if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Harrow, 64 F.3d at 1019.
 
 
 9
 Plaintiff alleges that Michcon and FF & S conspired with Judge Stephens to deprive him of his constitutional rights. A plaintiff alleging violation of § 1983 must establish that he was deprived of a specific constitutional right by a person acting under the color of state law. United States v. Price, 383 U.S. 787, 794 (1966); Moore v. City of Paducah, 890 F.2d 831, 834 (6th Cir.1989). Because Michcon and FF & S are private parties, they can be liable under § 1983 only if plaintiff can show that they conspired with Judge Stephens, who is a state actor. Private parties who conspire with state actors can be held liable under § 1983 even if the state actor is found to be immune from suit. Tower v. Glover, 467 U.S. 914, 919-20 (1984); Moore, 890 F.2d at 834. As evidence of a conspiracy, plaintiff points to the fact that the November 3 agreement was signed by both attorneys, and that the subsequent formal agreement contained "more terms and a different monetary amount."
 
 
 10
 This evidence does not suggest a conspiracy. To the extent the formal agreement differed from the handwritten November 3 agreement, the handwritten agreement explains that "a detailed order ... will follow by 11/29/93." We see no evidence of a conspiracy with Judge Stephens. Therefore, no triable issue exists as to whether Michcon and FF & S acted under the color of state law. Summary judgment was correctly granted to Michcon and FF & S.
 
 
 11
 Plaintiff also argues that Judge Stephens acted independently to deprive plaintiff of his Fourteenth Amendment rights. Plaintiff seeks an injunction prohibiting enforcement of the settlement agreement ordered by Judge Stephens.
 
 
 12
 The district court correctly dismissed plaintiff's claim against Judge Stephens pursuant to Younger v. Harris, 401 U.S. 37, 44-45 (1971). Under Younger, a federal court must decline to interfere in ongoing state judicial proceedings where important state interests are involved. Younger abstention is appropriate where (1) there is an ongoing state proceeding; (2) the proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceeding to raise constitutional challenges. Sun Refining & Marketing Co. v. Brennan, 921 F.2d 635, 641 (6th Cir.1990) (citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423 (1982)).
 
 
 13
 In this case all three requirements for Younger abstention are clearly met. Plaintiff filed this action before the state court could rule on Michcon's motion to dismiss. Michigan clearly has an important state interest in the enforcement of its own whistleblowers' protection statutes. Plaintiff had adequate opportunity to raise constitutional claims in his motions for post-judgment relief and pursue them in state appellate court. See Sun Refining, 921 F.2d at 639-42 (elaborating on each of three Younger requirements). Therefore, Younger abstention is appropriate and the district court properly granted summary judgment to Judge Stephens.
 
 III.
 
 14
 The judgment of the district court is AFFIRMED.